## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JAYLYN MAYS,

    Plaintiff,

v.

THE FRESH MARKET, INC., a
Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT

COMES NOW, JAYLYN MAYS ("Plaintiff"), by and through the undersigned attorney, hereby sues Defendant, THE FRESH MARKET, INC., a Foreign Profit Corporation ("Defendant" or the "Company"), and states:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), and the Florida Civil Rights Act, §§ 760.01-760.11.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper for the United States Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1391, because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred

within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

## PARTIES

5. At all times material hereto, Plaintiff resided within the Southern District of Florida. Plaintiff is over the age of eighteen (18) and otherwise *sui juris*.

6. Plaintiff is a Black African-American individual and is a member of a class protected under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA"), because the terms, conditions, and privileges of her employment were altered because of her race, color, and/or national origin.

7. Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf of Defendant, which places her within a class protected under Title VII and the FCRA.

8. Defendant is a Foreign Profit Corporation organized and authorized to do business in Florida. Defendant operates several supermarkets nationwide. Specifically, Plaintiff worked for Defendant at the Falls location, located at 8760 SW 136th Street, Miami, FL 33176 (hereinafter "store 140-Falls").

9. Defendant has, at all times material, employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year, in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely Charge of Discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

11. Plaintiff's Charge was filed on or about March 1, 2022. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was issued a Notice of Right to Sue on September 1, 2022. This suit is filed in accordance with that Notice and within the applicable ninety-day (90-day) time limitation.

13. The FCHR did not issue a finding on Plaintiff's charge within 180 days of the filing of said Charge.

14. All other conditions precedent to this action have been performed or have been waived.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

15. On or about May 4, 2020, Plaintiff was hired as a cashier, an entry position with the Defendant. Plaintiff later received a promotion, culminating in the position of Assistant Guest Services Manager – a position she held until her termination on December 14, 2021.

16. From the inception of Plaintiff's employment with Defendant until she was terminated, Plaintiff reported to and was under the supervision of the Guest Services Manager, Milagros Tapia (Hispanic, White) ("Ms. Tapia") and the Store Manager, Ann Costales (Hispanic, White) ("Ms. Costales").

17. Based on Plaintiff's tenure with the Company, positive performance throughout her employment and promotion, and positive work history and reviews, Plaintiff was fully qualified for her position as an Assistant Guest Services Manager at the time all discriminatory events complained herein occurred.

18. From the outset, Defendant tolerated and cultivated a work environment that discriminated against Black employees in virtually all respects at store 104-Falls. Specifically, Black employees, such as Plaintiff, were subjected to unlawful disparate treatment because they were

3

treated less favorably than their Hispanic and other Non-Black counterparts by Ms. Tapia and Ms. Costales. Plaintiff and other Black employees under their supervision were subject to harsher working conditions. They were assigned less desirable shifts, they were denied more authority and/or better job opportunities and promotions, and they were often wrongfully accused of stealing or violating the Company's policies without any basis or proper investigation, while their Non-Black counterparts were not subjected to this treatment.

19. Early on in her position as Assistant Guest Services Manager, Plaintiff was met with resistance from Ms. Tapia and was not able to actually make decisions without Ms. Tapia or Ms. Costales approving those decisions.

20. Further, Ms. Tapia and Ms. Costales took it upon themselves to micromanage and supervise Plaintiff. Plaintiff was constantly given the less favorable shifts with hardly any cashiers scheduled to work during her shifts, forcing Plaintiff to work most of her shifts as a cashier taking away any authority she was supposed to have as an assistant manager. Whereas Plaintiff's Non-Black counterpart, Maya Johnson (Hispanic, White) ("Ms. Johnson"), was constantly given enough coverage allowing her to perform all her functions as an Assistant Guest Services Manager.

21. Ms. Tapia constantly nagged and scolded Plaintiff, and Ms. Tapia prohibited Plaintiff from leaving the cash register for any reason at all, including leaving the register to go use the bathroom, while Ms. Johnson, was never scolded or micromanaged in that way.

22. Ms. Tapia would also change Plaintiff's schedule without notice to accommodate Ms. Johnson's request for time off without regard of Plaintiff's availability. Specifically, Plaintiff was scheduled last minute to work on Monday October 25, 2021, even though Plaintiff had

4

notified Ms. Tapia well in advance that she was not available on Mondays. Plaintiff objected to the unfair treatment and disregard for her schedule availability.

23. On or around October 26, 2021, Ms. Costales and Ms. Tapia called a group meeting for all Guest Service Managers. When Plaintiff was called into the office, Ms. Costales began yelling at Plaintiff, telling Plaintiff that the meeting was not a group meeting, but rather, a meeting regarding the Plaintiff. Ms. Costales screamed at Plaintiff to be more sympathetic towards Ms. Johnson, because Ms. Johnson's mother had cancer and Ms. Johnson needed to take a day off to help care for her mother.

24. Ms. Tapia further retaliated against Plaintiff by verbally disciplined Plaintiff for going to the bathroom. Ms. Tapia accused Plaintiff of setting a bad example and having low performance. Ms. Tapia further told Plaintiff she was being watched. However, this accusation was unfounded as Plaintiff had the highest scanning speed in the Company at the time and received numerous, positive reviews from customers.

25. On or around November 14, 2021, Plaintiff spoke to District Manager Eric Paredes (White, Hispanic) to complain about the disparate treatment she was being subjected to by Ms. Costales and Ms. Tapia and the preferential treatment to her Hispanic counterparts, Ms. Johnson. Specifically, Plaintiff complained that Ms. Tapia and Ms. Costales systematically excluded her from within the work environment and/or consistently treated her in a disparaging manner, gave Plaintiff the least favorable shifts with no coverage, micromanaged her and provided none of the requisite job support incumbent of them as her supervisors. Plaintiff's complaints were dismissed without further inquiry.

26. Ms. Tapia then retaliated against Plaintiff for her complaints to human resources by disciplining Plaintiff up for things which were not violations of policy, and which other non-Black employees were not written up when doing the same thing.

27. On or around December 14, 2021, Plaintiff was terminated without valid cause. The reason provided by Defendant that Plaintiff used her discount card in violation of company policy was false.

28. Defendant acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

29. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

30. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, color, and/or complaints of discrimination were motivating factor(s) in the decision for adverse employment action(s).

31. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

32. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (DISCRIMINATION BASED ON RACE)

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

34. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff based on her race.

35. Plaintiff is a member of a protected class, to wit, Black.

36. Defendant, by and through its managers and other representatives, did not treat Plaintiff the same as other non-Black employees as alleged above.

37. Ms. Tapia and Ms. Costales, at all times relevant, were acting within the course and scope of their employment.

38. Ms. Tapia and Ms. Costales mistreated Plaintiff by systematically divesting her from her managerial role and/or consistently treating her in a disparaging manner. They systematically give her the less desirable schedule, give her no coverage or support during her shifts micromanaged her and provided none of the requisite job support incumbent of them as her supervisors.

39. Plaintiff's termination and prior disciplinary actions constitute adverse employment actions under Title VII.

40. Plaintiff was qualified for the position apart from her apparent race. At the time of the disparate treatment by Defendant, Plaintiff performed and exceled at the performance of the essential functions assigned to her.

41. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

42. Defendant's failure to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

43. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other non-Black employees.

44. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

45. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

46. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

47. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII. Defendant, by and through their managers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

48. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

    WHEREFORE, Plaintiff respectfully requests that:

    A. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

    B. The Court award punitive damages as permitted under the law;

    C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

    E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
### VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON COLOR)

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

50. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of her skin color.

51. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her skin color.

52. Defendant, by and through its managers and other representatives, did not treat Plaintiff the same as other non-Black employees as alleged above.

53. Defendant did not treat Plaintiff the same as other non-Black employees in that non-Black employees were not subject to harsh working environments and were given properly staffed shifts, were not micromanaged and scrutinized, were not subjected to baseless disciplinary actions, and were not subject to unsupported accusations of violations of the Company's policies.

54. Despite being well-qualified for her position, Plaintiff was terminated on December 14, 2021.

55. Plaintiff's termination and prior disciplinary actions constitute adverse employment actions under Title VII.

56. Defendant acted with intentional disregard for Plaintiff's rights under Title VII as a person based on the color of her skin.

57. Plaintiff was qualified for the position apart from her apparent skin color. At the time of the disparate treatment by Defendant, Plaintiff performed and exceled at the performance of the essential functions assigned to her.

58. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

59. Defendant's failure to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

60. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her skin color in violation of Act with respect to its decision to treat Plaintiff different from other non-Black employees.

61. Defendant's adverse actions against Plaintiff were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Black, in violation of the Act.

62. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

63. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's skin color, was a motivating factor in the decision for the adverse employment action(s).

64. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

65. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

66. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII. Defendant, by and through their managers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
### VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (RETALIATION)

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

68. Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

69. Plaintiff complained to Ms. Tapia, Ms. Costales, and Defendant's Human Resources department, as set forth above, about the preferential treatment Ms. Costales and Ms. Tapia had towards non-Black, Hispanic employees in the department,.

70. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the Act.

71. As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

72. The conduct of Defendant, by and through the conduct of its managers, agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

73. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

74. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the disparate treatment in work conditions and disciplinary actions, (if any) are pretextual.

75. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

77. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff on the basis of her race.

78. Plaintiff is a member of a protected class, to wit, Black.

79. Defendant, by and through its managers and other representatives, did not treat Plaintiff the same as other non-Black employees as alleged above.

80. Defendant's managers acted with intentional disregard for Plaintiff's rights as a person of Black race under the FCRA.

81. Defendant did not treat Plaintiff the same as other non-Black employees in that non-Black employees were allowed to use the bathroom freely, were not subject to harsh working environments and were given properly staffed shifts, were not micromanaged and scrutinized, were not subjected to baseless disciplinary actions, and were not subject to unsupported accusations of violations of the Company's policies.

82. Despite being well-qualified for her position, Plaintiff was terminated on December 14, 2021.

83. Plaintiff's termination and prior disciplinary action constitute adverse employment actions under the FRCA.

84. Defendant is a sophisticated employer who has actual knowledge of the requirements of the FRCA.

85. Defendant's failure to adhere to the mandates of the Act was willful and its violations of the provisions of the FRCA were willful.

86. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of the FRCA with respect to its decision to treat Plaintiff different from other non-Black employees.

87. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

88. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

89. At all times material hereto, the managers exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

90. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

91. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

92. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

  D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

  E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT V**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON COLOR)**

93. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

94. Plaintiff brings this action under the FCRA, Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was treated differently on the basis of the color of her skin.

95. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her skin color.

96. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on the color of her skin.

97. Defendant's reason for the disparate treatment she was subjected to, if any was pretextual.

98. Plaintiff's skin color was, at minimum, a motivating factor for the disparate treatment of Plaintiff.

99. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

100. Defendant retained all employees who exhibited discriminatory conduct towards Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

101. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

102. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

103. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

104. Plaintiff is a member of a protected class under the FRCA, to wit she complained of discriminatory treatment.

105. Plaintiff complained to Ms. Costales, Ms. Tapia and Defendant's Human Resources department, as set forth above, about the preferential treatment Ms. Costales and Ms. Tapia had towards non-Black, Hispanic employees in the department.

106. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FRCA.

107. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

108. As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

109. The conduct of Defendant, by and through the conduct of its managers, agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

110. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FRCA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of

its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

111. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the disparate treatment in work conditions and disciplinary actions, (if any) are pretextual.

112. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, JAYLYN MAYS, hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 29, 2022　　　　　　　　Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

*/s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

*/s/ Jocelyn R. Rocha*
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com